## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PRAIRIE BAND POTAWATOMI NATION,

        Plaintiff,

    v.

STEVEN MNUCHIN, in his official capacity as
Secretary of Treasury,

        Defendant.

Case No. 1:20-cv-01491

## BRIEF OF PLAINTIFF TRIBES AS *AMICI CURIAE*[1]

Plaintiffs the Agua Caliente Band of Cahuilla Indians, Ak-Chin Indian Community, Arapaho Tribe of the Wind River Reservation, Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, Snoqualmie Indian Tribe, and Yurok Tribe of the Yurok Reservation ("Plaintiff Tribes") in the matter of *Agua Caliente Band of Cahuilla Indians, et al. v. Steven Mnuchin*, Case No. 1:20-cv-1136-APM,  hereby submit this *amici curiae* brief concerning the Prairie Band Potawatomi Nation's ("Prairie Band") Motion to a Temporary Restraining Order ("Motion") (Dkt. No. 2).[2] Plaintiff Tribes offer this brief to provide the Court with Plaintiff Tribes' perspective to assist the Court in deciding  Prairie Band's Motion.

Plaintiff Tribes take no position on the merits of Prairie Band's Motion, and understand and share Prairie Band's frustration with the failure of Treasury Secretary Steven Mnuchin to

---

[1] No counsel for a party authored this brief in whole or in part, no party or counsel for a party contributed money intended to fund preparation or submission of this brief, and no person or entity other than *amici*, their members, and their counsel provided any monetary contribution toward the preparation or submission  of this brief.

[2] Undersigned counsel learned of this case through public media sources. Despite the Minute Order of this Court dated June 8, 2020 requiring counsel for Prairie Band to notify counsel for the Plaintiff Tribes of the filing,  no such notice has been provided.

comply with his statutory duty to disburse all of the pandemic relief funding appropriated for tribal governments under Title V of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136 (hereinafter "Title V funds"). Plaintiff Tribes respect the difficult choices that need to be made by other sovereign Tribal governments in the absence of the full funding promised by Congress.

However, as made clear in Plaintiff Tribes' recently filed renewed motion for a temporary restraining order (*Agua Caliente Band of Cahuilla Indians, et al.,* Dkt. No. 37), Plaintiff Tribes cannot support any relief in this case that would cause further delays in releasing all of the Title V funds. The longer the Secretary delays in distributing all of the Title V funds, the greater the harm incurred by Plaintiffs Tribes will be. The Secretary's continued delay in performing this duty in the context of an unprecedented public health emergency is egregious and warrants the injunctive relief sought by the Plaintiff Tribes to release the balance of the funds by June 12, 2020.

If the Court is inclined to consider the relief sought by Prairie Band, such relief should be narrowly tailored to avoid harm to the Plaintiff Tribes – in other words, any injunction granted to Prairie Band must not be as broad as the one sought and prevent the Secretary from disbursing all remaining Title V funds. Dkt. No. 2. It is the law of this Circuit that an injunction must be "narrowly tailored to remedy the specific harm shown." *Neb. Dep't of Health & Human Servs. v. Dep't of Health and Human Servs.*, 435 F.3d 326, 330 (D.C. Cir. 2006) (quotation marks omitted). The need for narrow tailoring is particularly important in the context of a temporary restraining order, where the court has yet to finally resolve the merits of the dispute. As the court made clear in *Barrow v. Graham*, "[t]he purpose of a temporary restraining order is to preserve the status quo for a limited period of time until the Court has the opportunity to pass on the merits of the demand for a preliminary injunction." 124 F.Supp.2d 714, 715-16 (D.D.C. 2000) (citations omitted).

Here, Prairie Band alleges that they were shorted $7.65 million from the first distribution of Title V funds based on population data. Dkt. No. 1 ¶ 48. While the Secretary's discretion is not limitless, *see, e.g., Confederated Tribes of Chehalis Reservation v. Mnuchin*, No. 20-cv-01002 (APM), 2020 WL 1984297, at *5 (D.D.C. Apr. 27, 2020), it is broad, *see Lincoln v. Vigil*, 508 U.S. 182, 192 (1993). Even though the data and process is imperfect for how the first distribution was formulated, Prairie Band's claims face a steep uphill climb. *Id.* ("the very point of a lump-sum appropriation is to give an agency the capacity to adapt to changing circumstances and meet its statutory responsibilities in what it sees as the most effective or desirable way."). What is not discretionary, however, is the Secretary's duty to disburse the remaining Title V funds without delay. 42 U.S.C. § 801(b)(1) ("not later than 30 days after March 27, 2000, the Secretary shall pay each State and Tribal Government"); *Agua Caliente Band of Cahuilla Indians, et al.,* Dkt. No. 29 at 10 ("[Congress] directed that the Secretary 'shall pay' qualifying Tribal governments 'not later than 30 days after' March 27, 2020, or by April 26, 2020."). Thus, consistent with Circuit law, rather than entering a sweeping injunction that bars distribution of all remaining Title V funds, if the Court is considering any preliminary relief at all, Plaintiff Tribes respectfully suggest that this Court craft an injunction that directs the Secretary to hold back the $7.65 million which is in dispute from the remaining Title V funds. This relief would enable the Secretary to immediately disburse the balance of the Title V funds without further delay as requested by the Plaintiff Tribes. Such a limited, narrow injunction also would preserve the status quo by requiring the Secretary to withhold sufficient funds to make Prairie Band whole should it succeed on the merits, without causing undue harm to Plaintiff Tribes who are in immediate need of the remaining Title V Funds due to the crisis caused by the COVID-19 pandemic.

## CONCLUSION

Plaintiff Tribes respectfully request that this Court ensure that any injunction which might be granted to Prairie Band be narrowly tailored to withhold only those funds necessary to remedy the specific alleged $7.65 million in harm suffered by Prairie Band, and not prevent the Secretary from disbursing the rest of the remaining Title V funds.

Respectfully submitted June 10, 2020.

/s/ Keith M. Harper
Keith M. Harper, DC Bar No. 451956
Catherine F. Munson, DC Bar No. 985717
Mark H. Reeves, DC Bar No. 1030782

KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W.
Suite 1100
Washington, D.C. 20006
Tel: 202-508-5800
Fax: 202-508-5858

Rob Roy Smith (admitted *pro hac vice*)
WSBA No. 33798
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 467-9600
Fax: (206) 623-6793

Attorneys for Amici Curiae Plaintiff Tribes