**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRAIRIE BAND POTAWATOMI NATION,<br><br>      Plaintiff,<br><br>   v.<br><br>STEVEN MNUCHIN, in his official capacity as Secretary of Treasury,<br><br>      Defendant. | Case No. 1:20-cv-01491 |

**STATEMENT OF *AMICI CURIAE* PLAINTIFF TRIBES IN RESPONSE TO COURT'S JUNE 11, 2020 HEARING [1]**

Earlier today, the Court ordered the Parties and Amici Curiae Plaintiff Tribes to discuss the remaining distribution of Title V funds of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Counsel for Defendant Steven Mnuchin, Secretary of the Department of Treasury, has indicated that, in light of Plaintiff Prairie Band Potawatomi Nation's request for injunctive relief, the Secretary plans to withhold 24% of the remaining 40% of CARES Act funding that he is statutorily required to distribute to Amicus Curiae Plaintiff Tribes and other similarly situated tribal governments. He claims that a larger withholding is necessary to cover any additional claims of the same nature that could increase the Secretary's liability.

Defendant's proposal is unacceptable. The government has no rational basis to withhold 24% of the $3.2 billion pool of CARES Act funds. The amount in dispute is $7.65 million. Government counsel in today's argument was provided an opportunity to be heard as to why the Defendant would withhold more and thereby exacerbate the already egregious delay. He was

---

[1] Counsel conferred and neither the Plaintiff nor Defendant object to the Amicus Curiae Plaintiff Tribes filing this statement.

unable to provide any rational basis whatsoever. And to be sure, once the funds are distributed, there is no cognizable suit for injunctive relief in this Court. The sole possible lawsuit against the United States would be in the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1505, for money damages. To prevail in such a suit, it is settled law that any plaintiff tribe would have to identify a "money-mandating" statute entitling plaintiff to relief. *See United States v. Navajo Nation*, 556 U.S. 287, 290-91 (2009) (to invoke jurisdiction under the Indian Tucker Act, "the tribe must identify a substantive source of law that establishes specific fiduciary or other duties" and a "relevant source of substantive law [that] can fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties the governing law imposes") (citations omitted); *United States v. Mitchell*, 463 U.S. 206, 218 (1983) ("a court must inquire whether the source of substantive law can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained"). Government counsel has not identified a statute that could plausibly be the basis of such liability here. Indeed, there is not one. Given the absence of a money-mandating duty in the CARES Act and the Secretary's broad discretion in the allocation of the CARES Act funds, the Secretary would have no reasonable exposure. Therefore, any delay in distributing these specific funds is wholly unjustified and would only exacerbate the already egregious nature of the delay.

      WHEREFORE, Plaintiff Tribes respectfully request that this Court order Treasury to distribute all funds except for those cabined off for the *Chehalis* matter and the $7.65 million in dispute here.

Respectfully submitted June 11, 2020.

                                                                      /s/ Keith M. Harper
                                                                     Keith M. Harper, DC Bar No. 451956
                                                                     Catherine F. Munson, DC Bar No. 985717
                                                                     Mark H. Reeves, DC Bar No. 1030782

KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W.
Suite 1100
Washington, D.C. 20006
Tel:  202-508-5800
Fax:  202-508-5858

Rob Roy Smith (admitted *pro hac vice*)
WSBA No. 33798
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Tel: (206) 467-9600
Fax:  (206) 623-6793

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Keith M. Harper
Keith M. Harper, DC Bar No. 451956